481 F.2d 619
 1 O.S.H. Cas.(BNA) 1244, 1971-1973 O.S.H.D. ( 16,252
 Peter J. BRENNAN, Secretary of Labor, Petitioner-Appellant,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Brent
Towing Co., Inc., Respondents-Appellees.
Peter J. BRENNAN, Secretary of Labor, Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, and Brent
Towing Company, Inc., Respondents.
 Nos. 72-3511, 73-1445.
 United States Court of Appeals,
Fifth Circuit.
 July 3, 1973.
 
 Walther H. Fleischer, Civil Div., Appellate Section, Jean A. Staudt, Dept. of Justice, Washington, D. C., Gerald J. Gallinghouse, U. S. Atty., Robert N. Habans, Jr., Mary Williams Cazolas, Asst. U. S. Attys., New Orleans, La., for petitioner-appellant.
 Allen H. Sachsel, Sp. Counsel, Peter Giesty, Gen. Counsel, Occupational Safety & Health Review Commission, Washington, D. C., W. P. Eason, Greenville, Miss., for respondents-appellees.
 Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 These cases present a rather complicated and unusual dispute between petitioner, the Secretary of Labor (Secretary), and the Occupational Safety and Health Review Commission (Commission). The party most interested in the outcome of this litigation, Brent Towing Company (Brent), is not involved in this appeal. Brent long ago advised the Commission that it did not wish to participate in any further litigation. It asserted that all violations of the Occupational Safety and Health Act of 1970 with which it had been charged had been abated, offered to pay the small penalties assessed by the Secretary, and assured the Commission that it would comply with the Act's requirements in the future. In these circumstances we decline to render what in essence would be an advisory opinion simply for the purpose of untangling the procedural dogfight in which the Secretary and the Commission have become ensnarled. We vacate the order of the Commission and reinstate the order of the Secretary making the citation and penalties against Brent final and payable.
 
 
 2
 On May 4, 1972, the Secretary issued a citation to Brent charging it with ten nonserious violations of the safety regulations promulgated under the Occupational Safety and Health Act of 1970, 29 U.S.C. Secs. 651 et seq., and proposing penalties in the amount of $310.00. The regulations adopted under the Act allow a cited employer 15 days in which to notify the Secretary of its intention to contest the Secretary's findings, the proposed penalties, or both. If no notice of contest is received by the Secretary within the prescribed period, the uncontested citation and the proposed penalty are deemed a final order of the Commission. If a notice of contest is timely received, however, the Secretary is then required to forward it to the Commission within three days to permit the Commission to review his findings and determinations.
 
 
 3
 On May 19, 1972, Brent responded to the citation it had received. In a letter to the Secretary it stated that five of the violations had been abated but continued in rather ambiguous fashion to question the assessment of penalties with respect to certain of the other alleged violations. The Secretary initially assumed that this letter was not a notice of contest and accordingly notified Brent on June 2 that since no notice of contest had been timely received the citation and proposed penalty had become final and payable. On June 5 Brent advised the Secretary that it considered its May 19 letter to be a notice of contest. The Secretary evidently conceded this point and forwarded the letter to the Commission along with the record as a contested case. But with review proceedings finally underway, Brent informed the Commission on June 21 that it did not wish to contest the matter further, and to date it has not deviated from this posture. On July 13 Brent wrote to the Commission certifying that all violations contained in the citation had been abated, tendering payment of the penalties it had been assessed, and promising to comply with the Act's requirements in the future.
 
 
 4
 Notwithstanding Brent's expressed willingness to withdraw from the case, the administrative law judge of the Commission proceeded to issue an order vacating all ten violations charged by the Secretary because the May 19 letter had not been forwarded to the Commission within the requisite three day period, thereby preventing a timely review. This order became final on September 22. On November 21 the Secretary filed a petition for review in this court. On December 29 the Commission sua sponte amended its earlier order so that only five of the violations contained in the citation were vacated; the remaining five violations were deemed uncontested and final. On February 23 the Secretary sought review of the amended order, and this latter petition was consolidated with the former so as to facilitate our review.
 
 
 5
 In view of the total silence of Brent, its desire not to litigate or contest the action of the Secretary, and its expressed willingness to comply fully with the Secretary's findings and order, we deem it unnecessary to resolve the numerous complicated and contentious claims presented by the Secretary and the Commission. It may be argued that no case or controversy was ever presented to this court; or if so, that the controversy which formerly existed has now become moot. Without specifically deciding those two questions, we are firm in our conviction that this court should not undertake to resolve a contest between two federal agencies as to their respective rights, powers, duties and responsibilities in circumstances where the chief party in interest has long since, for reasons best known to itself, declined to remain the focal center for an administrative whirlwind of such minor proportions.
 
 
 6
 The order of the Commission is vacated. The order of the Secretary making the citation and penalties against Brent final and payable is left intact, and Brent will comply with that order as it has promised to do. The costs of this proceeding will be divided equally between the Secretary and the Commission.
 
 
 7
 Vacated.