Peter J. BRENNAN, Secretary of Labor, Petitioner,

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Bill Echols Trucking Co., Respondents.**

No. 73-1670

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1973.

*Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Walter H. Fleischer, Jean A. Staudt, Civil Div., Appellate Section, Dept. of Justice, Washington, D. C., for petitioner.

Peter Giesey, Gen. Counsel, Washington, D. C., Occupational Safety & Health Review Commission.

**232**

Matthis W. Piel, Montgomery, Ala., for Bill Echols Trucking.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

GOLDBERG, Circuit Judge:

In this case the Secretary of Labor (the Secretary) has invoked the jurisdiction of this Court under Section 11 (b) of the Occupational Safety and Health Act of 1970 (the Act),[1] and asked that we review a "Supplemental Order" of the Occupational Safety and Health Review Commission (the Commission) vacating a citation and proposed penalty issued by the Secretary to Bill Echols Trucking Co. (Echols).[2]

We note that the difficulty of our task has been magnified by the paucity of the written argument presented to us. Whether out of utter frustration, battle fatigue, or neglect, neither the Commissioner nor Echols saw fit to file a responsive brief, although both had been solicited and importuned to do so. Nevertheless, on the basis of the petitioner's brief and the record before us, we must endeavor to decide the issues presented. *See* Fed.R.App.P. 31(c);

Teamsters Local 524 v. Billington, 9th Cir. 1968, 402 F.2d 510, 511.

THE FACTS

The series of actions, inactions, and reactions that propelled this dispute into the Court of Appeals began on August 23, 1972, when the Secretary cited Echols for a serious violation of a safety regulation promulgated under the Act, and proposed a penalty of $600.00.[3] The Secretary charged that Echols had violated 29 C.F.R. § 1926.601(b)(4) by its "failure to provide motor vehicles having an obstructed view to the rear with a reverse signal alarm or an observer to signal the vehicle it is safe to travel in reverse gear," and ordered Echols to abate this condition within three days after its receipt of the citation.

Section 10(a) of the Act, 29 U.S.C. § 659(a), and regulations promulgated thereunder, provide a means of appealing citations and penalties. Under 29 C.F.R. § 1903.17, Echols could have obtained Commission review by notifying the Occupational Safety and Health Administration Area Director of its intention to contest within 15 days of its receipt of the notification of proposed penalty.

---

1. 29 U.S.C. § 660(b): "The Secretary may also obtain review or enforcement of any final order of the Commission by filing a petition for such relief in the United States court of appeals for the circuit in which the alleged violation occurred or in which the employer has its principal office . . . ."

2. Recently the Secretary and the Commission sought adjudication by this Court of a similar dispute. We declined to involve ourselves in that fray, however, because the company over which the battle was being fought had advised the Commission of its desire not to participate in further litigation and had offered to pay the penalty assessed. Brennan v. Occupational Safety and Health Review Comm'n and Brent Towing Co., 5th Cir., 481 F.2d 619 (1973).

The contested issues in the case before us and in Brent Towing have also been discussed in at least five Commission decisions since July 1972. Secretary of Labor v. Stephen Adamowich d/b/a Terryville Sanitation Service, OSHRC Docket No. 2035, Feb. 23, 1973; Secretary of Labor v. J. Dale Wilson, Builder, OSHRC Docket No. 1625, Feb. 20, 1973; Secretary of Labor v. ADM Grain

Co., OSHRC Docket No. 1767, Feb. 20, 1973; Secretary of Labor v. Pleasant Valley Packing Co., OSHRC Docket No. 464, Jan. 4, 1973; Secretary of Labor v. Lennox Industries, Inc., OSHRC Docket No. 1106, July 7, 1972.

3. Section 6 of the Act, 29 U.S.C. § 655, instructs the Secretary to make rules and to promulgate occupational safety and health standards. Under Section 8, 29 U.S.C. § 657, the Secretary is authorized to conduct inspections and investigations of factories, plants, and other work areas to determine whether duly promulgated standards are being violated. Section 9, 29 U.S.C. § 658, prescribes the procedure for the issuance of citations to employers for violations of standards, and Section 17(b), 29 U.S.C. § 666(b), provides that "[a]ny employer who has received a citation for a serious violation . . . of any standard, rule, or order promulgated pursuant to section 655 of this title, or of any regulations prescribed pursuant to this chapter, shall be assessed a civil penalty of up to $1,000 for each such violation."

The regulation directs that "[e]very notice of intention to contest shall specify whether it is directed to the citation or to the proposed penalty, or both." On September 5, 1972, less than 15 days after receiving notice of the proposed penalty, Echols' attorney wrote to the Secretary's regional representative in Birmingham, stating:

"This is to inform you that the signaling device has been installed within the three day period after the citation. We request that the penalty be abated since corrective action has been taken well within the time allotted. [sic].

"If there is any further information you desire of [sic] if I can be of any further assistance to you kindly contact me."

The Secretary deferred forwarding this letter to the Commission until October 16, 1972, some 43 days later, at which time he filed a motion to strike Echols' letter as not constituting a notice of contest. After considerable procedural maneuvering,[4] the Commission issued a Supplemental Order on January 26, 1973, holding that Echols' September 5 letter was a sufficient notice of contest, and therefore that the Secretary was required under 29 C.F.R. § 2200.32 to transmit the notice to the Commission within seven days of its receipt. The Commission vacated both the citation and proposed penalty because of the Secretary's failure to transmit the notice on time.

The Secretary filed a petition for reconsideration with the Commission on February 27, 1973. The record before us gives no indication of any response by the Commission. This petition for review followed.

The Secretary raises two issues for decision by this Court: (1) Did Echols' letter of September 5 constitute a notice of contest of the citation or of the proposed penalty, or both? (2) If the letter did constitute a notice of contest, did the Commission act improperly by vacating the citation and proposed penalty because of the Secretary's failure to transmit such notice in timely fashion?

I

Because the Commission's Supplemental Order of January 26, 1973 vacated both the citation and the proposed penalty against Echols, the question of whether Echols' September 5 letter was sufficient notice of contest actually becomes two issues: (a) whether the letter constituted a notice of contest of the citation; and (b) whether the letter constituted a notice of contest of the proposed penalty.

The first issue causes us little difficulty. Even construing the letter in the manner most favorable to Echols, we cannot conceive of any way it could be interpreted as a notice of contest of the citation. The September 5 letter, written by Echols' attorney, raised no objection whatsoever to the citation; to the contrary the letter noted that corrective action had been taken after receipt of the citation, and thus, in effect, conceded the existence of the violations at the time of issuance of the citation. Because the letter requested that the *penalty* be abated, and because the regulation requires that a complainant specify whether it is contesting the citation or the penalty, 29 C.F.R. § 1903.17 *supra*, the inescapable conclusion is that the letter could only have been a notice of contest of the penalty—if it was a notice of contest at all.

---

4. On October 24, 1972, the Commission notified Echols that its notice of contest was before the Commission and instructed the company to certify that it had completed and posted a form notifying its affected employees of the case. On November 20, the Commission Judge dismissed Echols' notice of contest for failure to provide the required certification. Following receipt of an objection from Echols, the Commission reviewed the dismissal order and decided that Echols had complied with the posting and service regulations. On December 1, the Commission set aside the dismissal order and reinstated Echols' complaint.

The Act provides that a failure to notify the Secretary within 15 days of intent to contest the citation or proposed penalty will render such citation or penalty "a final order of the Commission and not subject to review by any court or agency." 29 U.S.C. § 659(a). Thus, the citation had become final and unreviewable, and the Commission had no authority five months later to vacate the citation. As to the citation against Echols, then, we vacate the Supplemental Order of the Commission and reinstate the citation as issued by the Secretary on August 23, 1972.

■ The question of whether the September 5 letter constituted a notice of contest of the proposed penalty is much more difficult to resolve. The Commission has provided only the crudest of guidelines to aid the courts, affected employers, or itself in making such a determination.[5] Fortunately, however, it is not the province of this Court to draw the fine lines separating letters that constitute notices of contest from those that do not. The regulations stipulate that "[i]n its absolute discretion, and without affirmative action by order or otherwise, the Commission or the Examiner may permit the filing of pleadings or other documents which it deems to comply substantially with" the regulations concerning form, filing, and service. 29 C.F.R. § 2200.7(b)(4). Given such "absolute discretion" in the Commission, we cannot and will not challenge its determination that the September 5 letter constituted a notice of contest of the proposed penalty.[6] Particularly in view of the lack of guidance to be found in the regulations, 29 C.F.R. § 2200.7(b)(1), *supra* at note 5, the Commission properly gave a liberal interpretation to the letter. *Cf.* Sanchez v. Standard Brands, Inc., 5th Cir. 1970, 431 F.2d 455, 462–464; N. L. R. B. v. Central Power & Light Co., 5th Cir. 1970, 425 F.2d 1318, 1320. The Secretary was, therefore, delinquent in failing to transmit the letter to the Commission within seven days of its receipt.[7]

## II

■ Having found that the Commission did not abuse its discretion by holding that the September 5 letter consti-

---

5. *"Form.* (1) There shall be no specific requirements as to the form of a notice of contest, or a modification of abatement, except that it shall clearly identify the citation, notification of proposed penalty, or notification of failure to correct violation which forms the basis for its filing (e. g., by citation number, date of issuance, and employer's name and address, etc.), shall clearly identify the party by whom it is filed (e. g., employer, employee, or representative of employees), shall set forth the names and addresses of the parties personally served and the address of the posting, where such service is required . . . and shall indicate the address to which subsequent pleadings should be directed by other parties."
29 C.F.R. § 2200.7(b)(1).

6. This holding is not inconsistent with our conclusion on the question of contest of the citation.
The Commission's order of January 26 stated only that the September 5 letter should be construed as a "notice of contest"; the Commission did not specify whether it meant notice of contest of the citation or of the proposed penalty, or both. We must assume that the Commission, looking at all possible interpretations of the language of that letter, did not intend that the letter constitute a notice of contest of the citation. No commission or agency, even under the formidable label of "absolute discretion," can arrogate to itself the power to say that night is day, or that black is white, or that Echols' letter was a notice of contest of a citation.

7. This Court claims no bureaucratic expertise and seeks no authority to make rules for the Secretary or the Commission. We would be remiss, however, if, in the interest of minimizing the need of these parties for the future assistance of this Court, we did not suggest a simple means of eliminating ambiguity in notices of contest. If each citation or notification of proposed penalty sent to an employer were accompanied by a reply form on which the employer could check boxes indicating intent to contest the citation or proposed penalty, or neither or both, with space for listing reasons or making comments, no confusion need ever again arise on the part of either the Secretary or the Commission.

tuted a notice of contest of the proposed penalty, we must now inquire whether the Commission acted properly by vacating the proposed penalty because of the Secretary's delay in transmitting the letter to the Commission. An order vacating a citation or proposed penalty is the most extreme sanction available to the Commission. We can find no authorization in the Act or the regulations for imposition of such a sanction without first providing an opportunity for a hearing.[8] We do not now decide whether any breach of the rules by the Secretary could be serious enough to warrant dismissal of a penalty without a prior hearing. We do hold, however, that in the case before us the Commission acted improperly by vacating the proposed $600 penalty against Echols. Our conclusion is supported by both the nature of the Secretary's error and the underlying philosophy of the Act itself.

We have found that the Commission was within its discretionary power in construing the September 5 letter as a notice of contest. Moreover, given the adjudicatory function of the Commission, the Secretary should have resolved any doubts about the sufficiency of the letter in favor of transmitting it to the Commission for its determination. Nevertheless, we cannot say that the Secretary's action was entirely without justification. The September 5 letter, written by an attorney, was phrased in terms of a "request" to the Secretary for an abatement of penalty. The letter contained no language to the effect that Echols wished to "contest"

the penalty or had any reason to "object" to the penalty proposed. Echols gave no direct indication of any desire to incur the burdens of a proceeding before the Commission. Under the circumstances the Secretary was not unreasonable in construing the letter as a request for leniency rather than as a notice of contest. Dismissal of the penalty is a sanction much too harsh for such a reasonable, although ultimately unprevailing, interpretation.

Moreover, viewed in light of the purpose of the Act, the requirement that the Secretary promptly transmit notices of contest is obviously designed to protect employees rather than employers. Congress' statement of purpose at the beginning of the Act makes this abundantly clear:

> "The Congress declares it to be its purpose and policy, through the exercise of its powers to regulate commerce among the several States and with foreign nations and to provide for the general welfare, to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources—"

29 U.S.C. § 651(b). Prompt transmittal is important for hastening abatement of health or safety hazards to employees because, if the employer contests in good faith, the period for correction permitted by the Secretary "shall not begin to run until the entry of a final order by the Commission . . . ." 29 U.S.C.

---

8. Section 10(c) of the Act, 29 U.S.C. § 659(c), provides that, upon receipt from the Secretary of an employer's or employee's notice of contest, "the Commission shall afford an opportunity for a hearing" in accordance with the Administrative Procedure Act, 5 U.S.C. § 554, and "shall thereafter issue an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty . . . ."

In its Supplemental Order the Commission cites two of its own prior decisions as authority for its action in this case. Secretary of Labor v. Lennox Industries, Inc., OSHRC Docket No. 1106, July 7, 1972; Secretary of Labor v. Pleasant Valley Packing Co., OSHRC Docket No. 464, Jan. 4, 1973. Both of those decisions note the Secretary's failure to transmit a notice of contest within the prescribed period of time; neither decision, however, offers any further clue to the statutory authority relied upon.

**236**

§ 659(b). We can find no justification for permitting an employer to reap the benefits of its own ambiguous correspondence and to go unpenalized for an admitted serious violation of a safety standard under the banner of a rule designed to protect employees. Congress could not have intended such a result, and it gave the Commission no authority to produce such a result.

By filing a notice of contest Echols was doing nothing more than requesting a hearing; the Commission should have provided exactly that. Commission decisions in subsequent cases apparently have recognized that at least a finding of prejudice to the employer must precede dismissal of a proposed penalty for violation of a procedural rule. *See* Secretary of Labor v. J. Dale Wilson, Builder, OSHRC Docket No. 1625, Feb. 20, 1973; Secretary of Labor v. ADM Grain Co., OSHRC Docket No. 1767, Feb. 20, 1973. The Secretary contends that Echols was not prejudiced by the delay in transmittal of his notice of contest to the Commission. The Secretary should be given an opportunity to make that argument to the Commission.

## CONCLUSION

We therefore vacate that part of the Commission's January 26, 1973 Supplemental Order which vacated the proposed penalty against Echols, and remand to the Commission for a hearing on the merits. We do not limit the scope of the hearing in any way. In addition to all other factors normally considered in such a hearing, the Commission is free to inquire to what extent, if any, Echols was injured by the Secretary's delay in transmitting the notice of contest, and to modify the penalty accordingly upon an appropriate finding of fact. As previously indicated, the citation issued against Echols on August 23, 1972, was not contested and is hereby reinstated as a final order of the Commission.

Vacated and remanded.