586 F.2d 1263
 6 O.S.H. Cas.(BNA) 2067, 1978 O.S.H.D. (CCH) P 23,145
Ray MARSHALL, Secretary of Labor, Petitioner,
v.
Gil HAUGAN, d/b/a Gil Haugan Construction Company, and
Occupational Safety and Health Review Commission,
Respondents.
 No. 77-1942.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 12, 1978.
Decided Nov. 13, 1978.
 
 John A. Bryson, Atty., U. S. Dept. of Labor, Washington, D. C., argued, Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol., Occupational Safety and Health, Allen H. Feldman, Acting Counsel for Appellate Litigation and John A. Bryson, Atty., U. S. Dept. of Labor, Washington, D. C., on brief, for petitioner, Secretary of Labor.
 Vance R. Goldammer, Boyce, Murphy, McDowell & Greenfield, Sioux Falls, S. D., for respondent, Gil Haugan, etc.
 Robert C. Gombar, Atty., Occupational Safety and Health Review Commission, Washington, D. C., argued, Robert C. Gombar, Washington, D. C., Appellate Counsel, Earl R. Ohman, Jr., Asst. Appellate Counsel, Arthur G. Sapper, Atty., Occupational Safety and Health Review Commission, Washington, D. C., and Barbara Allen Babcock, Asst. Atty. Gen., and Allen H. Sachsel, Atty., Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., on brief, for respondent Occupational Safety and Health Review Commission.
 Before VAN OOSTERHOUT, Senior Circuit Judge, LAY and BRIGHT, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 Gil Haugen Construction Company is a sole proprietorship engaged in the business of construction. Following an inspection of Haugen's worksite the Secretary of Labor issued Haugen two citations and a notice of proposed penalty for violations of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678. The citations and notice of proposed penalty were accompanied by a cover letter which informed Haugen of his right to contest the Secretary's actions.
 
 
 2
 Thereafter Mr. Haugen timely filed the following notice of contest:
 
 
 3
 We hereby contest the PROPOSED PENALTY OF CSHO NO. M4042 and OSHA 1 NO. 566 dated August 5, 1975.
 
 
 4
 The numbers referred to in Haugen's notice of contest appear on the cover letter, both citations and the notice of proposed penalty.
 
 
 5
 Subsequently the Secretary filed his complaint alleging that Haugen was contesting only the penalties, that the penalties were proper and that the citations underlying the penalties had become final orders by operation of law, unreviewable by any court or agency. In answer to the Secretary's complaint Haugen disputed the allegation that he was contesting only the proposed penalties, contending that he intended "to contest both the citation and the penalty."
 
 
 6
 In light of Haugen's answer the administrative law judge (ALJ) ruled that he would construe notices of contest facially limited to the proposed penalty to include a contest of the citation if the employer indicates that its intent was to contest the citation. Accordingly the ALJ granted the Secretary 10 days within which to amend his complaint to include allegations supporting the citations. When the Secretary refused to amend, the ALJ issued an order dismissing the complaint. Finding the case to be indistinguishable from William W. Turnbull Millwork Co., 3 OSHC (BNA) 1781 (1975), the Commission affirmed the ALJ's order of dismissal. The Secretary thereafter brought this petition for review.
 
 
 7
 The Secretary argues that the Commission's Turnbull rule represents an unlawful exercise of the Commission's jurisdiction to review the Secretary's actions. The basis for the Secretary's argument is the enforcement provisions of the Occupational Safety and Health Act of 1970. Those provisions provide that the Secretary of Labor shall issue to an employer whom he believes has violated the Act a written citation describing the nature of the violation and fixing a reasonable time for the employer to abate the violation. 29 U.S.C. § 658(a). For each citation issued the Secretary is required to notify the employer of the penalty, if any, proposed to be assessed for each citation and that the employer has 15 working days within which to notify the Secretary of its desire to contest the citation Or proposed penalty. 29 U.S.C. § 659(a). The Secretary's implementing regulation requires an employer to "specify whether (its notice of contest) is directed to the citation or to the proposed penalty, or both." 29 C.F.R. § 1903.17(a) (1977). If the employer fails to notify the Secretary of its intention to contest the citation Or proposed penalty within the allotted time period, "the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency." 29 U.S.C. § 659(a).
 
 
 8
 The Secretary thus argues that Haugen's expression of intent to contest the citation, which was first presented in his answer after the 15-day contest period, did not give the Commission jurisdiction to review the citation under 29 U.S.C. § 659(a), since Haugen's timely notice of contest unequivocally was limited to the proposed penalties. The Secretary argues that the Commission's Turnbull rule represents an unlawful extension of the Commission's jurisdiction under the guise of a procedural rule.
 
 
 9
 In Turnbull the employer's timely notice of contest read:
 
 
 10
 This letter is to notify you that I desire to contest the proposed penalty of $500.00 (five hundred dollars) levied against my firm Turnbull Millwork Co., on March 20, 1974.
 
 
 11
 3 OSHC (BNA) at 1781.
 
 
 12
 The employer's subsequent communications, however, expressed an intent to contest the citation as well as the penalty. On the basis of those communications the Commission agreed with the ALJ that the citation as well as the penalty were at issue. In so holding, the Commission recognized its decision in Florida East Coast Properties, Inc., 1 OSHC (BNA) 1532 (1974), wherein the Commission ruled that where a timely notice of contest clearly is limited to the proposed penalty, the underlying citation becomes a final order not subject to review. The Commission concluded, however, that strict application of the rule announced in Florida East Coast may be unjust:
 
 
 13
 We believe this case illustrates the problems that arise from the Florida East Coast rule, as it is presently applied. This rule puts employers, who often appear before the Commission without benefit of counsel, in the position of making a technical judgment, under time pressure, which affects their rights to a hearing on the merits. Subsequently, when they realize that the phrasing of their notice of contest has denied them their right to a hearing on the merits, they will write to the Commission indicating that they did not realize the distinction between a contest of the citation and penalty, and that their actual intent was to contest both.
 
 
 14
 3 OSHC (BNA) at 1782.
 
 Consequently the Commission concluded:
 
 15
 (W)e believe it is necessary in cases like the instant one, to look at pleadings subsequent to the notice of contest in order to determine the respondent's true intent. Thus . . . we will construe notices of contest that are limited to only the penalty to also include a contest of the citation, if a respondent indicates at a later time that it was its intent to also contest the citation.
 
 
 16
 Id.
 
 
 17
 Contrary to the Secretary's argument we find no jurisdictional abuse in the Commission's Turnbull rule.[1] Rather, we agree with the Commission that its Turnbull rule is merely a rule of construction which preserves the distinction between a contest of a citation and a contest of a proposed penalty. Any rule to the contrary smacks of procedural unfairness, especially where, as in the instant case, the Secretary persists in using a letter of notification informing the employer of its right to contest which is at best ambiguous.[2] The letter to Haugen informing him of his right to contest states, Inter alia, "If you do contest, you should submit a letter to the Area Director . . . within 15 working days after receipt of the certified mail notice regarding proposed penalty(ies)."
 
 
 18
 The Secretary also argues that the Commission's Turnbull rule frustrates the Act's central purpose of "swift and certain abatement of hazardous working conditions" for the protection of employees. We do not agree. The Act expressly provides that the employee's protection outlined by the Secretary is dependent on the employer's intent. The Commission's Turnbull rule gives effect to an employer's initial intent. See Penn-Dixie Steel Corp. v. OSHRC, 553 F.2d 1078 (7th Cir. 1977).[3] Where the intent to contest the citation is an afterthought, the Commission will not apply the rule. See F. H. Sparks of Maryland, Inc., 6 OSHC (BNA) 1356 (1978); J. H. Livestock Co., 5 OSHC (BNA) 1742 (1977).
 
 
 19
 We think the rule employed by appellate courts in construing notices of appeal provides an apt analogy to the Commission's Turnbull rule. It long has been established that an appellate court may liberally construe a notice of appeal so as to determine the true intent of a party and bring the merits of the case under review, notwithstanding the fact that a party, through counsel, has misnamed the order from which the appeal is taken. See Walther v. Omaha Public Power District, 412 F.2d 1164, 1165 n. 1 (8th Cir. 1969); 6A Moore's Federal Practice P 59.15(1), 59-268 (2d ed. 1974). We fail to see that the Commission must live under a more rigid rule. This is particularly true where an employer is acting pro se under a misleading notice. This is not to say that an employer's notice which clearly and unequivocally contests only the penalty and makes clear a waiver of contest to the citation may in hindsight withdraw its waiver. At the same time, however, the Commission does not abuse its statutory jurisdiction in attempting to act fairly in construing a notice of contest within the actual intent of an employer. The Secretary may easily remedy its alleged dilemma if it so chooses.[4] Until it does so, the Commission's application of the Turnbull rule undoubtedly will continue to be administered on an ad hoc basis.
 
 
 20
 The petition for review is denied.
 
 
 
 [1]
 The Secretary contends that two Fifth Circuit decisions, Brennan v. OSHRC (Bill Echols Trucking Co.), 487 F.2d 230 (5th Cir. 1973), and Dan J. Sheehan Co. v. OSHRC, 520 F.2d 1036 (5th Cir. 1975), support his argument. We disagree. In Echols, supra, the court stated that the enforcement scheme recognized a distinction between a notice of contest of a citation and a notice of contest of a proposed penalty. In Sheehan, supra, the court stated that it declined to depart from its earlier decision in Echols. In both cases the notice of contest explicitly made clear that the citation was not being contested. The Sheehan court further observed, however, that should the Commission later indicate that a notice of contest of a proposed penalty would be sufficient to allow review of the underlying citation, it might give controlling weight to that factor. In light of that language, it cannot be said that the Fifth Circuit decisions mandate the Secretary's jurisdiction argument
 
 
 [2]
 In Echols, supra, the Fifth Circuit suggested a means of eliminating ambiguity:
 If each citation or notification of proposed penalty sent to an employer were accompanied by a reply form on which the employer could check boxes indicating intent to contest the citation or proposed penalty, or neither or both, . . . no confusion need ever again arise on the part of either the Secretary or the Commission.
 487 F.2d at 234 n. 7.
 The Commission based its decision in Turnbull, supra, in part, on the Secretary's failure to act on the Fifth Circuit's suggestion. See Turnbull, supra, 3 OSHC (BNA) at 1782.
 
 
 [3]
 In Penn-Dixie particularly strong facts supported the Commission's decision that the employer's timely notice of contest was directed only to the proposed penalties. On appeal the employer sought a remand to the Commission for reconsideration on the basis of the Turnbull decision. After acknowledging the Fifth Circuit opinions as recognizing a distinction between a contest of a citation and a contest of a proposed penalty, the court proceeded to apply the Turnbull rule and remanded the case to the Commission for reconsideration. It emphasized that it was doing so since, under the circumstances, to hold otherwise would require the court "to assume that . . . uncounseled lay(men) understood the subtle, formalized distinctions expressed in 29 CFR § 1903.17." 553 F.2d at 1081. On the record before us we agree with the sentiments expressed by the Seventh Circuit
 
 
 [4]
 See note 2 Supra