UNITED STATES of America

v.

B & L SUPPLY CO.

No. CA3–77–0118–G.

United States District Court,
N. D. Texas,
Dallas Division.

Jan. 4, 1980.

Alfred G. Albert, Acting Sol. of Labor, Washington, D.C., Ronald M. Gaswirth, Regional Sol.

W. C. Quirl, President B and L Supply Co., pro se.

Heriberto de Leon, Dallas, Tex., Counsel for Occupational Safety & Health, Harvey M. Shapan, Atty., U. S. Dept. of Labor, Dallas, Tex., for the United States.

## MEMORANDUM ORDER

PATRICK E. HIGGINBOTHAM, District Judge.

This is a suit by the United States through the Secretary of Labor ("the Secretary") against B & L Supply Co. ("B & L"), seeking recovery of a $345 civil penalty assessed against B & L for violations of the Occupational Safety and Health Act, 29 U.S.C. §§ 651 *et seq.* ("the Act"), together with interest and costs. The United States has moved for summary judgment.

### I. Facts

On March 22, 1976 the Acting Area Director of the Occupational Safety and Health Administration ("OSHA") issued a citation to B & L for 14 enumerated violations of the Act. The citation required that these violations be corrected by March 31,

1976.[1] The citation was accompanied by a notification of proposed penalties totaling $345. Both the citation and the notification stated that they would become final and unreviewable unless contested by B & L within 15 working days, in accordance with 29 U.S.C. § 659(a). The citation and notification were sent to B & L by certified mail, return receipt requested, and were received on March 24, 1976. B & L responded to these documents in a letter dated March 25 stating, "Corrections have been made on alledged [sic] violations you listed—We are happy you called these to our attention."

Some time later, B & L was visited by an OSHA inspector for the purpose of verifying its correction of the cited violations. The inspector found B & L to be in compliance except with respect to certain fire extinguishers, which were on order. The inspector allegedly told W. C. Quirl, president of B & L, that B & L "had done a good job" and "could forget the whole thing," or that B & L "had complied with their requests and it would not be necessary to file for a contest." The Secretary denies that these representations were made.

The Secretary persisted in his efforts to collect the $345 penalty from B & L. On May 25, 1976, Quirl responded to these efforts in a letter concluding: "I consider your request for payment to be unfounded." Quirl continued to resist the penalty in letters dated June 10, June 18, June 28, and July 15, 1976. On January 26, 1977, the United States brought suit to recover the penalty.

## II. Advance Notice as a Prerequisite to Penalties

■ Defendant has repeatedly argued to the Secretary, and continues to argue in this court, that it cannot be assessed a civil penalty without having been first given the opportunity to correct the cited violations. Regardless of whether this would be the more just approach, it is not the law. 29

U.S.C. § 654(a) requires that an employer "shall comply with occupational safety and health standards promulgated under this chapter," and "shall furnish to each of his employees employment and a place of employment which are free from recognized hazards . . . ." A "recognized hazard" is one which "is known [to be hazardous] not necessarily by each and every individual employer but is known taking into account the standard of knowledge in the industry." *Brennan v. Occupational Safety and Health Review Commission*, 501 F.2d 1196, 1201 (7th Cir. 1974). The standard is an objective one. *Id.* Hence "[a]n activity or practice may be a 'recognized hazard' even if the employer is ignorant of the existence of the activity or practice or its potential for harm." *Titanium Metals Corp. of America v. Usery*, 579 F.2d 536, 541 (9th Cir. 1978); *National Realty & Construction Co. v. Occupational Safety and Health Review Commission*, 160 U.S.App.D.C. 133, 141 n.32, 489 F.2d 1257, 1265 n.32 (D.C.Cir. 1973); 116 Cong.Rec. 38, 377 (1970) (remarks of Rep. Daniels). Thus B & L may not resist penalties under the Act by arguing that it was unaware of the violations or that it acted in good faith.[2]

## III. Notice of Contest

A question arises as to whether any of B & L's notices constituted a notice of contest of the citation or notification of proposed penalties within the meaning of 29 U.S.C. § 659(a). In making this determination, we are aided by two recent decisions in this circuit.

In *Dan J. Sheehan Co. v. Occupational Safety and Health Review Commission*, 520 F.2d 1036 (5th Cir. 1975), *cert. denied*, 424 U.S. 965, 96 S.Ct. 1458, 47 L.Ed.2d 731 (1976), an employer sent this letter to the Commission:

> We are not contesting your August 3, 1973 citation. We admit that the scaffold was erected too close to the energized

1. Three violations were required to be corrected immediately.

2. The employer's good faith, including his lack of prior knowledge, is, however, a factor which

the Occupational Safety and Health Review Commission ("the Commission") must take into account in determining the amount of any civil penalties. 29 U.S.C. § 666(i).

wire. However, we would like for you to look further into the matter and possibly with this new information, lift the proposed $500.00 penalty.

520 F.2d at 1037. The letter went on to request "release" of the penalty. The court rejected the contention that this letter merely admitted the facts relating to the violation and not the violation itself, and held that the letter, construed in a light most favorable to its author, "failed to contest the violation and was at most a weak attempt to contest the proposed penalty." 520 F.2d at 1038. The Commission treated the letter as constituting a notice of contest of the penalty only, and this treatment was affirmed.

In *Brennan v. Occupational Safety & Health Review Commission*, 487 F.2d 230 (5th Cir. 1973), the letter from the employer read as follows:

> This is to inform you that the signaling device has been installed within the three day period after the citation. We request that the penalty be abated since corrective action has been taken well within the time alloted [sic].

487 F.2d at 233. The court held that this letter was insufficient as a notice of contest of the citation. The court found more difficult the question of whether the letter adequately contested the penalty, but deferred to the Commission's decision that the letter was sufficient in this regard, noting that "the Commission properly gave a liberal interpretation to the letter." 487 F.2d at 234.

█ In the present case, the employer's letter of March 25, 1976, stated only that corrections were being made. It thus evidences no intent to contest liability or the amount of any penalty, and therefore does not constitute a notice of contest of either the citation or the notice of proposed penalty. The letter of May 25, 1976, however, stands on a different footing. That letter stated that B & L regarded OSHA's "request for payment to be unfounded." While this language in no way suggests an intent to contest the citation, it is sufficient under the liberal scheme established by the Commission and endorsed by the Fifth Circuit to put the Secretary on notice that the employer opposed assessment of a penalty, and hence to constitute a notice of contest of the penalty. Hence the question arises as to whether the May 25 letter met the timeliness requirement of 29 U.S.C. § 659(a).

### IV. Timeliness

29 U.S.C. § 659(a) provides that

> [i]f, within fifteen working days from the receipt of the notice issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty . . . the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency.

The Secretary has construed this language to require that the notice of contest be *postmarked* within the time specified. 29 C.F.R. § 1903.17(a).

It is clear that B & L's May 25 letter does not comply with the letter of the statute, since it was dated (and presumably postmarked) more than fifteen working days from B & L's receipt of notice from the Secretary. Questions arise, however, as to whether this period is subject to equitable interruption, and whether the alleged misleading statements to B & L by an OSHA inspector provide an adequate basis for such an interruption. If so, B & L may be able to prove that its May 25 letter was timely filed when appropriate tolling periods are disregarded.[3]

█ These questions appear to be of first impression in this or any other circuit.

---

3. The record is unclear as to when the alleged statements were made. B & L's May 25 letter places the second inspector's visit "a few days" after the citation. A June 18 letter suggests a four to six week time period. B & L's reply to the instant motion states that the second visit occurred "a few weeks" after the first. Of course, if the time period had already expired by the time of the allegedly misleading statements, no case for equitable interruption of the filing period would be made out.

Guidance may be obtained, however, from the treatment given to other statutory time limits. We begin with the general principle that equitable tolling "is read into every federal statute of limitation." *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). The extent of such tolling is a matter of Congressional intent, and requires examination of "the purposes and policies underlying the limitation provision, the Act itself, and the remedial scheme developed for the enforcement of the rights given by the Act." *Burnett v. New York Central Railroad,* 380 U.S. 424, 427, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). Thus, for example, equitable tolling has been found to exist in actions under Rule 10b–5, *e. g., Vanderboom v. Sexton,* 422 F.2d 1233, 1240 (8th Cir.), *cert. denied,* 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970); under the Federal Farm Loan Act, *Holmberg, supra*; and under the Federal Employers' Liability Act, *Burnett, supra; Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). *See Greyhound Corp. v. Mt. Hood Stages, Inc.,* 437 U.S. 322, 338–39, 98 S.Ct. 2370, 2379–80, 57 L.Ed.2d 239 (1978) (Burger, C. J., concurring) (Clayton Act).[4]

Perhaps the most comprehensive development of the Federal equitable tolling principle has been in the area of Title VII. In *Chappell v. Emco Machine Works Co.,* 601 F.2d 1295 (5th Cir. 1979), the Fifth Circuit noted three situations in which tolling of the 180-day filing period would be appropriate. First, tolling is appropriate where an action was filed in an incorrect state forum. *Chappell, supra,* at 1302; *International Union of Electrical Workers v. Robbins & Myers,* 429 U.S. 229, 238, 97 S.Ct. 441, 448, 50 L.Ed.2d 427 (1976). Second, tolling is appropriate where the claimant did not originally know and should not reasonably have known of the facts giving rise to his claim. *Chappell, supra,* at 1303; *Bickham v. Miller,* 584 F.2d 736, 738 (5th Cir. 1978). Finally, tolling is appropriate where the EEOC has misled the complainant about the nature of his rights. *Chappell, supra,* at 1303.

The third prong of this analysis is relevant to the present case.[5] In *Page v. U.S. Industries, Inc.,* 556 F.2d 346 (5th Cir. 1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978), and *Zambuto v. American Telephone & Telegraph Co.,* 544 F.2d 1333 (5th Cir. 1977), the EEOC sent letters to complainants which misled them as to the time in which legal action could be taken. In *Page,* the EEOC sent two "right to sue" letters. The plaintiff relied on a statement in the second letter that suit could be commenced within 90 days thereafter, and the court held the suit to be timely even if the 90-day limitation period began at the time of the first letter. Likewise, in *Zambuto,* the plaintiff's reliance on an EEOC letter informing her that a right-to-sue letter would be issued *upon request* was upheld even though the letter was itself construed as a right-to-sue letter. *See*

---

**4.** Although the question is still open in this circuit, *Templeton v. Western Union Telegraph Co.,* 607 F.2d 89 (5th Cir. 1979); *Thomas v. E. I. DuPont de Nemours & Co.,* 574 F.2d 1324, 1330 (5th Cir. 1978), this court has held equitable tolling to be available under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq. Woerner v. Bell Helicopter Co.,* 16 F.E.P. Cases 480 (N.D.Tex.1977). *Accord, Nielsen v. Western Electric Co.,* 603 F.2d 741 (8th Cir. 1979); *Kephart v. Institute of Gas Technology,* 581 F.2d 1287, 1288–89 (7th Cir. 1978); *Gabriele v. Chrysler Corp.,* 573 F.2d 949 (6th Cir. 1978), *vacated mem. on other grounds,* 442 U.S. 908, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979); *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 192–93 (3d Cir.), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir. 1976),

*aff'd per curiam by an equally divided court,* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); *Franci v. Avco Corp.,* 460 F.Supp. 389, 394 (D.Conn.1978); *Abbott v. Moore Business Forms, Inc.,* 439 F.Supp. 643 (D.N.H.1977). *See* H.R.Rep. No. 95–950, 95th Cong., 2d Sess. 12 (1978), *reprinted in* [1978] U.S. Code Cong. & Admin. News, pp. 1000, 1005–06. *But see Larson v. American Wheel & Brake Co.,* 610 F.2d 506 (8th Cir. 1979) (question still open in Eighth Circuit).

**5.** The second prong is not apposite inasmuch as B & L was fully aware of the conditions giving rise to the citation and of the Secretary's initial attempt to impose penalties as soon as the citation and notification of proposed penalties were issued.

*White v. Dallas Independent School District*, 581 F.2d 556, 563 (5th Cir. 1978); *De-Matteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975); *Gates v. Georgia-Pacific Corp.*, 492 F.2d 292, 295 (9th Cir. 1974).

■ This case is likewise analogous to *Glus v. Brooklyn Eastern District Terminal, supra.* In that case, an employee was allegedly told by his employer that he had seven years in which to file an F.E.L.A. action. The statute of limitations was in fact three years. The Court held the employer to be estopped from asserting expiration of the statute. In the present case, this estoppel principle conjoins with the equitable tolling doctrine, inasmuch as the "seemingly authoritative statement by the agency presumed to know the most about these matters," *Page, supra*, at 351, was made by the same entity seeking to take advantage of the procedural default which that statement brought about.

The language of § 659(a), referring to a citation or penalty not timely contested as "not subject to review by any court or agency," might be read as establishing a jurisdictional prerequisite to review of the citation or penalty before the Review Commission or ultimately before the court of appeals. The Fifth Circuit has already held, however, that untimely forwarding of a notice of contest to the Commission by the Secretary does not preclude Commission enforcement of the penalty absent a showing of prejudice to the employer. *Brennan, supra*, at 234–36. This situation is merely the converse: failure of the employer to file a notice of contest, when excused by an adequate showing of supporting equitable grounds, ought not to preclude Commission review of the proposed penalty.[6] Otherwise stated, the 15-day period more closely resembles a statute of limitations than a jurisdictional prerequisite.

The purpose of the Act is of course "to assure so far as possible every working man

and woman in the Nation safe and healthful working conditions and to preserve our human resources . . . ." 29 U.S.C. § 651(b). While prompt correction of hazardous conditions is one of the principal goals of the Act, equitable tolling of the time period for contest is fully consistent with this goal. 29 U.S.C. § 659(b) provides that the period during which corrections may be made is tolled by the pendency of a contest "initiated by the employer in good faith and not solely for delay or avoidance of penalties." Such contests may of course consume large amounts of time while working their way through the Commission and the courts. In the event that conditions pose an immediate and serious hazard, the Secretary may seek a temporary injunction in the district court to require correction of such conditions before other enforcement proceedings have terminated. 29 U.S.C. §§ 662(a) and (b). In this manner, the employer is afforded full procedural protections while the employee is protected from serious hazards. Hence equitable tolling of the time for contest does not serve to endanger employees or frustrate the purpose of the Act.

### V. Conclusion

■ The existence and content of the alleged statements which would give rise to application of the equitable tolling doctrine are disputed. Likewise, the time of those statements is in doubt. *See* n.3, *supra*. If the statements were indeed made as alleged by B & L, and if they were made before the expiration of 15 working days after receipt of the notice of proposed penalties, the time for filing a notice of contest would be tolled until B & L learned or should reasonably have learned that a notice of contest was necessary. *Cf. Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir. 1975) (Title VII equitable tolling). Hence the May 25 notice of contest may

---

6. The legislative history of the Act provides little guidance on this point. One reference to § 659(a) provides that a citation or penalty not timely challenged is to be "final and not subject to review." S.Rep. No. 91–1282, 91st Cong., 2d Sess. (1970), *reprinted in* [1970] U.S. Code

Cong. & Admin. News, pp. 5177, 5209. Two other references indicate only that the citation or penalty shall be "final." *Id.* at 5191; H.R. Rep. No. 91–1765, 91st Cong., 2d Sess. (1970), *reprinted in* [1970] U.S. Code Cong. & Admin. News, pp. 5228, 5235.

have been timely. Accordingly, the government's motion for summary judgment must be DENIED pending resolution of these factual issues.