[No. 29110-6-I. Division One. May 4, 1992.]

THE ERECTION COMPANY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.

---

*Kenneth O. Eikenberry, Attorney General,* and *Elliott S. Furst, Assistant,* for appellant.

*Mark F. O'Donnell* and *Oles, Morrison & Rinker,* for respondent.

PEKELIS, J. — The Department of Labor and Industries (Department) appeals a trial court order setting aside a decision of the Board of Industrial Insurance Appeals (Board). The Board had dismissed The Erection Company, Inc.'s appeal of a citation and proposed penalty for alleged violations of the Washington Industrial Safety and Health Act of 1973 (WISHA), RCW 49.17 *et seq.*, concluding that the Company's notice of appeal was untimely. We affirm.

I

On April 6, 1988, the Department cited The Erection Company for five on-site safety violations and proposed a $14,420 penalty. On April 14, the Company notified the

Department by letter that it would appeal the citation and penalty. On April 25, the Department sent written notice to the Company that it had reassumed jurisdiction and scheduled an informal conference for May 10. This conference was never held. The Department then issued three more reassumption notices on May 10, June 1, and June 17. In each case, however, the scheduled conferences were canceled.

Rather than continue rescheduling the informal conference, the Department issued a corrective notice of redetermination on July 7 affirming the citation and proposed penalty. The corrective notice provided that any further appeal "must be made to the Board . . . within fifteen working days of the communication of this notice or it shall be deemed a final order and not subject to review by any court or agency."

The Erection Company received the corrective notice of redetermination on July 11. Approximately 16 working days later, on August 2, the Company sent a notice of appeal to the Director.

On August 7, 1989, an administrative law judge issued a proposed decision and order dismissing The Erection Company's appeal because the Company failed to timely appeal from the corrective notice of redetermination. The Board accepted review of the matter and affirmed the dismissal. The Company appealed the Board's decision in Superior Court. Concluding that the Company's initial April 14 notice was sufficient to preserve its right of appeal, the trial court set aside the dismissal order and remanded the case before the Board. The Department appeals from the trial court's order.

## II

Under WISHA, an employer has 15 working days from receipt of a citation or proposed penalty assessment to notify the Director of the Department that the employer intends to appeal. RCW 49.17.140(1).[1] If a notice of appeal is not filed

---

[1]RCW 49.17.140(1) provides:

"If after an inspection or investigation the director or his authorized representative issues a citation under the authority of RCW 49.17.120 or 49.17.130, the department, within a reasonable time after the termination of such inspection or investigation, shall notify the employer by certified mail of the penalty to be

within that time, the citation and assessment "shall be deemed a final order of the department and not subject to review by any court or agency." RCW 49.17.140(1).

When, however, a timely notice of appeal has been filed, the Director may either forward the matter directly to the Board or reassume jurisdiction and issue a corrective notice of redetermination within 30 working days. RCW 49.17-.140(3).[2] If the Director elects to pursue the latter option and reassumes jurisdiction, the employer must be afforded notice and an opportunity to be heard either in writing or orally "at an informal conference to be held prior to the expiration of the thirty-day period." RCW 49.17.140(3); *see also* WAC 296-350-050. The decision of the Director "shall then become final

---

assessed under the authority of *RCW 49.17.180 and shall state that the employer has fifteen working days* within which to notify the director that he wishes to appeal the citation or assessment of penalty. If, within fifteen working days from the communication of the notice issued by the director the employer fails to notify the director that he intends to appeal the citation or assessment penalty, and no notice is filed by any employee or representative of employees under subsection (3) of this section within such time, the citation and the assessment shall be deemed a final order of the department and not subject to review by any court or agency." (Italics ours.)

[2]RCW 49.17.140(3) provides, in pertinent part:

"If any employer notifies the director that he intends to appeal the citation . . . or notification of the assessment of a penalty . . . the director may reassume jurisdiction over the entire matter, or any portion thereof upon which notice of intention to appeal has been filed with the director pursuant to this subsection. If the director reassumes jurisdiction of [the matter] . . ., any redetermination shall be completed . . . within a period of *thirty working days*, which redetermination shall then become final subject to direct appeal to the board of industrial insurance appeals within *fifteen working days* of such redetermination with service of notice of appeal upon the director. In the event that the director does not reassume jurisdiction as provided in this subsection, he shall promptly notify the state board of industrial insurance appeals of all notifications of intention to appeal any such citations, any such notices of assessment of penalty . . . The director shall adopt rules of procedure for the reassumption of jurisdiction under this subsection affording employers . . . notice of the reassumption of jurisdiction by the director, and an opportunity to object or support the reassumption of jurisdiction, either in writing or orally at an informal conference to be held prior to the expiration of the thirty-day period . . . The board shall thereafter make disposition of the issues in accordance with procedures relative to contested cases appealed to the state board of industrial insurance appeals." (Italics ours.)

subject to direct appeal to the [Board] within fifteen working days". RCW 49.17.140(3).

The Department contends that in failing to file a notice of appeal within 15 working days after the July 7 corrective notice was issued, The Erection Company allowed the citation and proposed penalty to become a final order.

The trial court accepted The Erection Company's argument that the Department's failure to complete the reassumption process within the 30-working-day period stated in RCW 49.17.140(3) rendered the July 7 redetermination void. The Company contended that once the 30-day period expired, it did not need to file a second notice of appeal because the Company's initial April 14 notice remained effective.

RCW 49.17.140(3) provides in relevant part:

> If the director reassumes jurisdiction . . . any redetermination shall be completed . . . within a period of thirty working days, which redetermination shall then become final subject to direct appeal to the [Board] within fifteen working days of such redetermination with service of notice of appeal upon the director. . . . The director shall adopt rules of procedure for the reassumption of jurisdiction . . . affording employers . . . notice . . . and an opportunity to object or support the reassumption of jurisdiction, either in writing or orally at an informal conference to be held prior to the expiration of the thirty-day period.

Although there are no cases interpreting subsection (3), the statute's directive is clear. If the Director reassumes jurisdiction over an appeal, the informal conference process and issuance of a corrective notice of redetermination must occur within 30 working days. The issue to be decided here is whether the Department's jurisdiction expires after passage of the 30-day period, thus excusing The Erection Company's failure to timely file its second notice of appeal.

■ RCW 49.17.140(3) provides no express guidance as to what the Department can do after it reassumes jurisdiction and the 30-working-day deadline cannot be met. We conclude, however, that the 30-day period is jurisdictional. In enacting WISHA, the Legislature sought "to assure . . . safe and healthful working conditions for every man and woman

working in the state of Washington." RCW 49.17.010. Because an employer is generally not obligated to change its work practices or pay a penalty until its appeal is resolved,[3] the Department's decision to extend the 30-day period only prolongs the appeal process at the expense of those workers the Legislature intended to protect.

We recognize that the Department argues that because the 30-day period was intended to benefit employees, not employers, The Erection Company lacks standing to challenge the Department's actions. In support of this argument, the Department relies on *Brennan v. Occupational Safety & Health Review Comm'n*, 487 F.2d 230 (5th Cir. 1973), a case involving the Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. §§ 651-678.

Under OSHA, the Secretary of Labor must promptly notify the Review Commission of an employer's intent to appeal from a citation and penalty. 29 U.S.C. § 659(c). In *Brennan*, the Secretary of Labor waited 43 days before forwarding an ambiguous letter of appeal from the employer to the Commission. The Commission vacated both the citation and proposed penalty because of the Secretary's delay. The First Circuit Court of Appeals reversed, holding that the Secretary had not acted improperly. The court found no justification for permitting the employer to use its own confusing correspondence to avoid being penalized "for an admitted serious violation of a safety standard under the banner of a rule [*i.e.*, prompt notification] designed to protect employees." *Brennan*, 487 F.2d at 236.

*Brennan* is distinguishable from this case on several grounds. First, the posture of the appeal in *Brennan* was different. Unlike WISHA, OSHA does not provide for a reassumption of jurisdiction. Thus, the only issue in *Brennan* was the effect of the employer's initial notice of appeal. Here, there is no issue regarding The Erection Company's initial notice of appeal, which was unambiguous and clearly articulated the Company's intention to appeal the citation

---

[3]Unless the Director issues an order of immediate restraint, an appeal to the Board "shall stay the effectiveness of any citation or notice". RCW 49.17.140(3).

and proposed penalty. The Company also does not seek dismissal of the citation and penalty as did the employer in *Brennan*; it simply requests reinstatement of its appeal. If the Company does not prevail before the Board, it will be required to pay the assessed penalty.

█ Finally, *Brennan* does not stand for the proposition that an employer lacks standing to challenge the Secretary's failure to promptly transmit a notice of contest to the Commission. There is nothing in the opinion to indicate that the court based its holding on a standing analysis. Generally, a party has standing to raise an issue if that party has a distinct and personal interest in the outcome of the case. *Paris Am. Corp. v. McCausland*, 52 Wn. App. 434, 438, 759 P.2d 1210 (1988) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804, 86 L. Ed. 2d 628, 637, 105 S. Ct. 2965 (1985)), *review denied*, 111 Wn.2d 1034 (1989). Here, The Erection Company clearly has a direct interest in the citation issued by the Department and proposed penalty assessment. Under these circumstances, we conclude that the Company has standing to challenge the Department's failure to process its appeal within the statutory time period.

In sum, it is clear that WISHA's central goal of protecting employees from hazardous working conditions favors a prompt and efficient administrative appeal process. To that end, we hold that the mandatory 30-working-day reassumption period provided for in RCW 49.17.140(3) must be characterized as jurisdictional. If the Department is unable to complete the reassumption process within the required time period, it must forward the appeal directly to the Board. Because the effect of this rule is the same as if the Department never reassumed jurisdiction, in such a case the employer's initial notice of appeal, if timely filed, remains operative.[4] This interpretation is consistent with the purpose of WISHA and provides no windfall to the cited employer.

---

[4]Because we explicitly hold that the Department has lost jurisdiction, we need not address the Department's argument that The Erection Company was not prejudiced by the lengthy reassumption process. It is irrelevant whether the Company was prejudiced by the Department's late corrective notice.

Accordingly, we conclude that the trial court here did not err in determining that the Company's timely April 14 notice was sufficient to preserve its appeal of the citation and proposed penalty.

Affirmed.

WEBSTER, A.C.J., and AGID, J., concur.

Reconsideration denied June 2, 1992.

Review granted at 120 Wn.2d 1001 (1992).