[No. 22999–1–I.   Division One.   July 10, 1989.]

MICHAEL WAITE, *as Guardian,* ET AL, *Appellants,* v. WHATCOM COUNTY, ET AL, *Respondents.*

*Philip E. Rosellini* and *Smith & Rosellini*, for appellants.

*David S. McEachran, Prosecuting Attorney,* and *Randall J. Watts, Deputy,* for respondents.

PEKELIS, J.—Michael Waite and Jill Bernstein, and Michael Waite as guardian ad litem for Brian Waite, appeal from an order of the Superior Court granting Whatcom County's motion for summary judgment. They contend that the Superior Court erred in ruling that the public duty doctrine bars their negligence action against Whatcom County.

I

In August 1983, the Waites leased a home located at 1504 Marine View Drive in Bellingham. The home was heated by

means of a liquid propane furnace located in the basement. When Michael Waite attempted to light the furnace on October 12, 1986, an explosion occurred, pushing the basement walls off the foundation and burning Waite over 40 percent of his body.

The 1979 Uniform Mechanical Code, adopted by Whatcom County pursuant to former RCW 19.27.030, was in effect at the time the furnace was installed in 1981. Whatcom County concedes that § 504 of the code prohibits the installation of propane furnaces in basements, and that the installation in this case violated § 504.

The furnace was installed in the basement before the Waites moved into the home. Prior to the installation of the furnace, the contractor who installed it requested that the County inspect the installation site and advise him whether the proposed installation would conform to the requirements of the code. A county inspector viewed the site and advised the contractor that the proposed installation complied with the code.

In December 1981, Officer Frey inspected and approved the installation after the furnace was installed, as evidenced by his initials on the mechanical permit. Frey's daily inspection record clearly states that the furnace was a liquid propane furnace.

The Director of the Public Works Department, Paul Rushing, testified by deposition that he considered Frey a qualified inspector. Rushing also testified that he would be surprised if one of his inspectors did not know the code prohibition on installing propane furnaces in basements. His administrative assistant, Donovan Kehrer, testified that he was very surprised this installation was approved.

Frey died before the County brought its motion for summary judgment, but both Rushing and Kehrer spoke with him about the installation prior to his death. Although Rushing testified that Frey told him he could not recall the particular inspection involved, Kehrer testified that Frey appeared surprised and dismayed that he had approved the

installation. Frey's reaction indicated to Kehrer that Frey knew the installation violated the code.

The Waites' suit against Whatcom County for its negligent failure to enforce the code was dismissed on the County's motion for summary judgment. The trial court ruled that the public duty doctrine barred their action. The Waites appeal.

## II

As in any negligence action, the Waites must establish that Whatcom County owed them a duty of care. *See Taylor v. Stevens Cy.*, 111 Wn.2d 159, 163, 759 P.2d 447 (1988). The public duty doctrine bars liability for a public official's negligent conduct unless it is shown that "the duty breached was owed to the injured person as an individual and was not merely the breach of an obligation owed to the public in general". *Taylor*, 111 Wn.2d at 163 (quoting *J&B Dev. Co. v. King Cy.*, 100 Wn.2d 299, 303, 669 P.2d 468 (1983)). The four exceptions to the doctrine are: (1) the legislative intent exception; (2) the failure to enforce exception; (3) the rescue doctrine; and (4) the special relationship exception. *Bailey v. Forks*, 108 Wn.2d 262, 268, 737 P.2d 1257, 753 P.2d 523 (1987). Here, the trial court accepted the County's argument that none of the exceptions applied to the Waites' case.

On appeal, the Waites argue that the failure to enforce exception to the public duty doctrine applies.[1] This exception recognizes that

a general duty of care owed to the public can be owed to an individual
   where ▇ governmental agents responsible for enforcing statutory requirements ▇ possess actual knowledge of a statutory violation, fail to take corrective action despite a statutory duty to do so, and ▇ the plaintiff is within the class the statute intended to protect . . .

---

[1] In responding to Whatcom County's motion for summary judgment in the court below, the Waites also argued that the legislative intent and special relationship exceptions applied. They have abandoned these arguments on appeal.

*Bailey,* at 268; *see Campbell v. Bellevue,* 85 Wn.2d 1, 12–13, 530 P.2d 234 (1975).

*Honcoop v. State,* 111 Wn.2d 182, 189–90, 759 P.2d 1188 (1988).

■ Generally, the issue of whether a duty of care is owed is a question of law for the court. *Sigurdson v. Seattle,* 48 Wn.2d 155, 156–57, 292 P.2d 214 (1956); *see also Honcoop,* 111 Wn.2d at 190. However, the determination of whether the failure to enforce exception applies involves a question of fact: whether the governmental agent responsible for enforcing statutory requirements possessed actual knowledge of the statutory violation. This court has held that the issue of knowledge is for the jury in other instances where a defendant must possess knowledge of a dangerous condition before liability can be found. *See, e.g., Huston v. First Church of God,* 46 Wn. App. 740, 744–45, 732 P.2d 173 (jury must find that possessor of land knew or should have known of unreasonable risk of harm), *review denied,* 108 Wn.2d 1018 (1987). We conclude that the actual knowledge element of the failure to enforce exception is similarly a question of fact for the jury.

■ Here, the trial court dismissed the Waites' action against the County on the County's motion for summary judgment. *Hontz v. State,* 105 Wn.2d 302, 311, 714 P.2d 1176 (1986). A motion for summary judgment should not be granted unless the pleadings, depositions and affidavits on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Hontz,* 105 Wn.2d at 311. This court engages in the same inquiry as the trial court, and all evidence and inferences therefrom are considered in the light most favorable to the nonmoving party. *Hontz,* 105 Wn.2d at 311.

■ Here, the critical issue is whether Frey had actual knowledge of the violation of § 504 and failed to meet his responsibility to correct the problem. *Honcoop v. State, supra; see also Taylor,* 111 Wn.2d at 171–72. It is often difficult to supply direct evidence of actual knowledge,

particularly where, as here, the responsible governmental agent is deceased. Nevertheless, circumstantial evidence may support a finding of actual knowledge.

Frey inspected the installation site and approved the placement of a propane furnace in the basement of 1504 Marine View Drive. Frey knew the furnace was a propane furnace because he made a notation to that effect on his daily inspection record. In addition, he was considered a qualified inspector by county administrators, who stated they would be surprised if an inspector did not know that § 504 prohibited the installation of propane furnaces in basements. There is also testimony that when Frey was asked about the installation, his reaction indicated that he knew it violated the code. Viewing this evidence and the inferences that may be drawn from it in the light most favorable to the Waites, there is a genuine issue of fact as to whether Frey knew of the violation of § 504.

The other two elements of the failure to enforce exception are easily established. The first is satisfied where a governmental agent has responsibility to take some affirmative action to enforce statutory requirements. *See Bailey,* 108 Wn.2d at 269; *Campbell v. Bellevue,* 85 Wn.2d 1, 13, 530 P.2d 234 (1975). The State does not dispute that Officer Frey was a governmental agent responsible for enforcing statutory requirements. Thus, the Waites have established the first element of the failure to enforce exception.

The third element requires that the Waites be within the class of persons the code is intended to protect. *Honcoop v. State, supra.* The purpose of the Whatcom County Mechanical Code is

> [t]o promote the health, safety and welfare of *the occupants or users of buildings and structures,* the general public; to require minimum performance standards and requirements for construction and construction materials consistent with acceptable standards of engineering, fire, life safety. . . .

(Italics ours.) Whatcom County ordinance 79–69, § 1 (1979). Within the context of the legislative intent exception, the phrase "occupants or users of buildings and structures" might not be specific enough to identify a particular and circumscribed class of persons. *See, e.g., Halvorson v. Dahl,* 89 Wn.2d 673, 676–77, 574 P.2d 1190 (1978). However, our Supreme Court has held that similar language sufficiently identifies a class of persons for purposes of the failure to enforce exception. *See Bailey,* 108 Wn.2d at 269 (statute intended to protect users of public highways). As "occupants or users" of a building, the Waites are within the class of persons intended to be protected by the code and thus satisfy the third element of the failure to enforce exception.

Because the Waites have established the first and third elements of the failure to enforce exception and raise a genuine issue of fact as to the second, the trial court erred in granting summary judgment for Whatcom County. We reverse and remand for trial on the second prong of the failure to enforce exception, *i.e.,* actual knowledge, and the remaining elements of the Waites' negligence claim.

GROSSE, A.C.J., and COLE, J. Pro Tem., concur.