[Nos. 27092-3-I; 27212-8-I.   Division One.   January 25, 1993.]

MICHAEL WAITE, ET AL, *Appellants,* v. BILL MORISETTE, ET AL, *Defendants,* NORTHWEST PROPANE SALES, INC., *Respondent.*

*Philip E. Rosellini* and *Smith, Rosellini & Kosanke,* for appellants.

*Malcolm L. Edwards* and *Edwards, Sieh, Wiggins & Hathaway, P.S.; Robert Burns,* for respondent.

*Gary N. Bloom* and *Bryan P. Harnetiaux,* amici curiae.

SCHOLFIELD, J. — Following a jury verdict in a tort action, Michael Waite and his wife (Waite) appeal the trial court's judgment reducing a jury award against Northwest Propane Sales by amounts Waite received in settlement from other parties. We reverse.

In 1983, Waite leased a home in Bellingham from Bill Morisette that was heated by a liquid propane furnace. When Waite tried to light the furnace on October 12, 1986, an explosion severely injured him, causing burns over 40 percent of his body.

Waite filed a complaint in Whatcom County, naming four defendants: Morisette, the landlord; Northwest Propane, the

retail supplier of the propane gas; Feller, the installer of the furnace; and Whatcom County, which approved the installation of the furnace despite a statute prohibiting propane furnaces in basements.

After Whatcom County lost its argument that the public duty doctrine immunized it from liability,[1] it settled with Waite before trial for $450,000. At all times Whatcom County denied liability. On August 22, 1990, the trial court held a reasonableness hearing in which it approved the settlement and dismissed the County as a party defendant.

The case proceeded to trial. At the close of the plaintiffs' case, the court granted Feller's motion for a directed verdict of dismissal. On September 17, 1990, Waite and Morisette agreed to settle for $10,000, which the court approved following a reasonableness hearing.

At the end of trial against the only remaining defendant, Northwest Propane, the court instructed the jury to apportion fault among Waite and the four original defendants. The jury determined that Waite was 75 percent at fault, Northwest Propane 20 percent at fault, and Northwest Propane's serviceman 5 percent at fault. Whatcom County, Morisette, and Feller were exonerated.

On October 1, 1990, the court entered a judgment offsetting the settlement amounts received by Waite against the verdict of $337,500 against Northwest Propane. Because the amounts received by Waite in settlement exceeded the judgment against Northwest Propane, the court determined Waite should recover nothing from Northwest Propane.

Waite appeals, contending that where proportionate liability applies under RCW 4.22.070, nonsettling defendants should not receive credit for moneys recovered from settling defendants.

This issue requires an analysis of the proportionate fault statute, RCW 4.22.070, adopted in 1986.

Under common law, if more than one concurrent or successive tortfeasor defendant caused plaintiff's injuries, lia-

---

[1] *See Waite v. Whatcom Cy.*, 54 Wn. App. 682, 775 P.2d 967 (1989).

bility was joint and several and each defendant was liable for the whole injury. A plaintiff could sue one or all of the tortfeasors to obtain a full recovery, and there was no right of contribution among joint tortfeasors. *See* W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* §§ 46-52 (5th ed. 1984); *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 291, 840 P.2d 860 (1992); *Seattle-First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 588 P.2d 1308 (1978). The common law was altered in 1981 with the enactment of the contributory fault statute, RCW 4.22.005 *et seq.*, which set forth a settlement procedure in multiple tortfeasor cases and provided for contribution, but left intact joint and several liability. One of the provisions, RCW 4.22.060(2), requires that a claim against a nonsettling defendant be reduced by any amount received in settlement from other defendants:

> A release . . . entered into by a claimant and a person liable discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. However, the claim of the releasing person against other persons is reduced by the amount paid pursuant to the agreement . . ..

This requirement of RCW 4.22.060(2) was logical so long as joint and several liability remained in effect, because a nonsettling defendant could be liable for 100 percent of the damages regardless of the degree to which that party was at fault. Thus with joint liability, fairness dictated that credit be given for amounts paid to the claimant by settling defendants.

In 1986, the Legislature established proportionate liability by passing RCW 4.22.070, but did not repeal RCW 4.22-.060. RCW 4.22.070(1) requires the trier of fact to determine the percentage of fault attributable to "every entity which caused the claimant's damages", and requires that judgment be entered for each party's proportionate share of the claimant's total damages.

The statute specifies exceptions to proportionate liability, however. Joint and several liability, as modified by the 1981

provisions (including RCW 4.22.060), continues to apply where defendants act in concert, a person acts as an agent or servant of a party, or a claimant is not at fault. RCW 4.22-.070(1)(a), (b). It is under these exceptions that RCW 4.22-.060 has continued effect:

> If a defendant is jointly and severally liable under one of the exceptions listed in subsections (1)(a) or (1)(b) of this section, such defendant's rights to contribution against another jointly and severally liable defendant, and the effect of settlement by either such defendant, shall be determined under RCW 4.22-.040, 4.22.050, and 4.22.060.

RCW 4.22.070(2).

RCW 4.22.030 continues joint and several liability unless otherwise provided in RCW 4.22.070.

■ The statutory scheme adopted with passage of RCW 4.22.070 makes it plain that RCW 4.22.060 is *only* applicable to those few exceptions contained in RCW 4.22.070(1)(a) and (b). Because this case does not concern those exceptions, we find RCW 4.22.060 is irrelevant to resolution of the issue in this appeal.

■ ■ Another argument for disallowing a credit for amounts received in settlement is that the Legislature, despite its reference in RCW 4.22.070(2) to RCW 4.22.060, omitted any analogous credit provision in RCW 4.22.070(1), thus signifying its intention that no such provision apply where liability is proportionate. If the omission was inadvertent, "[a] court may not read into a statute those things which it conceives the Legislature may have left out unintentionally." *Addleman v. Board of Prison Terms & Paroles*, 107 Wn.2d 503, 509, 730 P.2d 1327 (1986). While this may be sufficient reason to rule in appellants' favor, there are other arguments as well.

Where proportionate liability applies, as here, a defendant can never be liable for more than his percentage share, because recovery is limited to his proportionate share of the total damages. The reasons for allowing credits where the liability is joint and several are not present where liability is proportionate:

In a jurisdiction with pure several liability, a non-settling defendant should not receive a credit. Credits address two concerns. They reimburse a non-settling defendant for an extinguished contribution claim. They also prevent a claimant from securing more than one full recovery.

(Footnotes omitted.) Harris, *Washington's 1986 Tort Reform Act: Partial Tort Settlements After the Demise of Joint and Several Liability,* 22 Gonz. L. Rev. 67, 76 (1986-1988). Because a nonsettling defendant cannot be held liable for more than his proportionate share, no credit is needed to prevent a defendant from bearing an unfair burden of more than its share. Similarly, no credit is needed to prevent the claimant from securing more than full recovery, because even in the best of circumstances, if the claimant recovers from all the defendants he will recover no more than 100 percent.[2] As the court in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 431 (Tex. 1984) stated:

> The reasoning behind the one recovery rule no longer applies. . . . Because each defendant's share can now be determined, it logically follows that each may settle just that portion of the plaintiff's suit. The settlement does not affect the amount of harm caused by the remaining defendants and likewise should not affect their liability.

*Duncan,* at 431.

Other courts have followed this reasoning. In *Charles v. Giant Eagle Markets*, 513 Pa. 474, 522 A.2d 1 (1987), the court ruled that settlement moneys paid by a tortfeasor in excess of its proportionate share of damages as determined by jury did not relieve a nonsettling tortfeasor of its obligation to pay a full, pro rata share. The court recited the policy reasons for supporting settlements, and stated that:

> The inducements for a defendant to settle are the certainty of the agreed-upon obligation and the avoidance of the vagaries of trial. . . . Any subsequent trial against the remaining defend-

---

[2]Recovery could be more than 100 percent of the eventual judgment if the claimant was fortunate enough to settle high with some of the defendants. Of course, the claimant also runs the risk of settling low with any given defendant, that is, for an amount less than that defendant's proportionate share of 100 percent of the jury's determination.

ants should not disturb the resolution reached between the plaintiff and the settling tortfeasor. It would be an equal disservice to a supportive settlement policy to provide a windfall to a non-settling tortfeasor where the settlement proves to be more generous than the subsequent verdict. . . .

. . . .
[It is a] fallacy that the jury's verdict represents a measurement of damages superior to that agreed upon by the settling parties. . . .

*Charles*, at 477-78. In light of the strong policy reasons for supporting settlements, one court pointed out the danger that if the rule were contrary, settlements would be less likely:

If the plaintiff knew that any settlement reached would be deducted from the proportionate share owed to the plaintiff by another tortfeasor, the plaintiff would be less likely to settle. Similarly, tortfeasors might refuse to settle, hoping that their just share of damages would be reduced by the settlement amount paid by another tortfeasor.

*Kussman v. City & Cy. of Denver*, 706 P.2d 776, 782 (Colo. 1985).

Finally, there is the question of symmetry. If a claimant settles "low" in light of the eventual decision at trial, the claimant bears that consequence. "[S]ymmetry requires that if the disadvantage of settlement is [the claimant's,] so ought the advantage be." *Roland v. Bernstein*, 171 Ariz. 96, 828 P.2d 1237, 1239 (App. 1991). As the *Roland* court pointed out, it would be anomalous to give the benefit of an advantageous settlement to the nonsettling tortfeasor rather than to the plaintiff who negotiated it.

Here, the trial court's ruling erroneously provided Northwest Propane with a windfall simply because Waite happened to secure a settlement with Whatcom County that turned out to be generous in light of the jury's decision.

The trial court's determination that Waite was the prevailing party for the purposes of costs is correct in light of the above analysis.

The trial court judgment is reversed, and the case is remanded to the trial court with instructions to enter judg-

ment for the plaintiff for the full amount of the verdict against Northwest Propane.

WEBSTER, C.J., and AGID, J., concur.

After modification, further reconsideration denied April 8, 1993.

Review denied at 122 Wn.2d 1006 (1993).