954 P.2d 285 (1998)
90 Wash.App. 461
Devera B. SAUCIER, Appellant,
v.
EMPLOYMENT SECURITY DEPARTMENT OF THE STATE OF WASHINGTON, Respondent.
The Salvation Army, Intervenor-Respondent.
No. 16268-1-III.
Court of Appeals of Washington, Division 3, Panel Two.
February 19, 1998.
Publication Ordered March 27, 1998.
*286 Stanley A. Kempner, Sr., Spokane, for Appellant.
Derek Edwards, Assistant Attorney General, Olympia, Kelly A. Nolen, Michael F. Nienstedt, Witherspoon, Kelley et al, Spokane, for Respondent.
BROWN, Judge.
Today we decide whether federal or state constitutional religious establishment prohibitions are violated when a church receives state and federal grants and a state exemption under RCW 5.44.040 from paying unemployment compensation benefits. Because the funds were used for the secular purpose of a drug treatment program administered by a church, The Salvation Army, where Ms. Saucier was employed as a counselor, there is no article I, section 11 violation of the State's Constitution. We follow federal authority reaching the same conclusion under the Establishment Clause of the First Amendment. We affirm the trial court's denial of unemployment compensation to Ms. Saucier.

FACTS
Devera B. Saucier was continuously employed by The Salvation Army from June 1990 through October 1994. She worked as a counselor for The Salvation Army Drug Abuse Outpatient Services (SADAOS) in Spokane. Ms. Saucier's work for SADAOS was similar to any drug counseling work she might have done for any other institution. Religion was not a part of her treatment plan, nor did The Salvation Army require it to be used during counseling.
The Salvation Army was exempt by state law from paying unemployment compensation taxes because of its status as a church. Ms. Saucier signed a statement agreeing to respect and work within the *287 Christian tenets of The Salvation Army. She also acknowledged in the statement "that The Salvation Army does not participate in unemployment compensation insurance" and she would "not accrue unemployment benefits while working for The Salvation Army."
After Ms. Saucier left The Salvation Army's employ, she attempted to receive unemployment benefits on the basis her salary came primarily from federal and state grants and violated federal and state religious establishment principles, but her application was denied. The denial was based on the rationale The Salvation Army was a church and therefore Ms. Saucier, as a church employee, was exempt from receiving unemployment compensation. The same disposition was reached throughout the administrative appeal process and by the Spokane county trial court.

ANALYSIS
A. Issue and constitutional standards. The issue is whether the trial court erred by failing to conclude the receipt of the federal and state grants used to fund Ms. Saucier's employment as a drug abuse counselor violated either federal or state religious establishment prohibitions. Amendment I of the United States Constitution provides in part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." The Washington State Constitution similarly provides in part: "No public money or property shall be appropriated for or applied to any religious worship, exercise or instruction, or the support of any religious establishment...." Ms. Saucier concedes The Salvation Army is a church. This position is consistent with established law. See McClure v. Salvation Army, 460 F.2d 553, 554 (5th Cir.1972) cert. denied, 409 U.S. 896, 93 S.Ct. 132, 34 L.Ed.2d 153 (1972). RCW 50.44.010 and .040 read together provide an unemployment tax exemption to a church.
B. Application of state law. In light of the recent case, Malyon v. Pierce County, 131 Wash.2d 779, 935 P.2d 1272 (1997), all parties agree the Washington State Constitution should be interpreted independently of the United States Constitution. The Washington Supreme Court has also held the Washington State Constitution affords greater protection to religious freedom than the United States Constitution. First Covenant Church v. City of Seattle, 120 Wash.2d 203, 226, 840 P.2d 174 (1992). More specifically, the United States Supreme Court has held that article I, section 11 of the Washington State Constitution is "far stricter" than the Establishment Clause of the First Amendment. Witters v. Washington Dep't of Services for the Blind, 474 U.S. 481, 489, 106 S.Ct. 748, 753, 88 L.Ed.2d 846 (1986) (citing Witters v. Commission for the Blind, 102 Wash.2d 624, 626, 689 P.2d 53 (1984)).
Preliminarily, we examine the implicit arguments regarding Ms. Saucier's standing to raise issues inherent in a taxpayer's suit to recover public monies improperly appropriated for religious establishment. The Washington Supreme Court has established a prescribed procedure for challenging the payment of public funds to an organization. The taxpayer must first request action by the attorney general; if such request is denied, the taxpayer may bring suit. City of Tacoma v. O'Brien, 85 Wash.2d 266, 269, 534 P.2d 114 (1975); State ex rel. Boyles v. Whatcom County Superior Court, 103 Wash.2d 610, 614, 694 P.2d 27 (1985). Ms. Saucier has not followed the required procedure. Even if she had, Ms. Saucier's claim is not based upon her position as a taxpayer seeking to block payment of public funds to The Salvation Army; rather it is her position that she should have unemployment compensation. Therefore, she does not have standing to raise a taxpayer's suit because "[t]he doctrine of standing generally prohibits a party from asserting another person's rights...." Bunting v. State, 87 Wash.App. 647, 651, 943 P.2d 347 (1997). Furthermore, standing will not arise unless the party seeking standing has a distinct personal interest in the outcome of the litigation and can show some benefit from the requested relief. Id. Ms. Saucier has neither the required personal interest, nor does she show what benefit she would accrue from the return of taxpayer money. Paradoxically, she has received compensation benefits from the very grants she now attacks and which served to fund her *288 employment in the first place. Thus, we conclude she is not in a position to raise a taxpayer argument and is foreclosed from doing so here.
Next, we consider her unemployment compensation claim under article 1, section 11. When a party asserts a violation of both the state and federal constitutions, the court should analyze the state constitution first if the party adequately briefed the Gunwall factors. Malyon, 131 Wash.2d 779, 935 P.2d 1272 (referencing State v. Gunwall, 106 Wash.2d 54, 720 P.2d 808 (1986)). Here, Ms. Saucier has briefed the Gunwall factors and provided sufficient case law supporting the conclusion that the Washington State Constitution should be interpreted independently of the United States Constitution.
In Malyon, the court reasoned: "Without proceeding further it is at once apparent that the appropriation of money, or application of property, to effectuate any objective other than worship, exercise, instruction, or religious establishment is not within the prohibition [of art. I, sec.11]." Malyon, 131 Wash.2d at 799-800, 935 P.2d 1272. There, Mr. Malyon brought an action challenging the constitutionality of Pierce County's Sheriff's Department's chaplaincy program. The chaplains were volunteers, but the county provided funding for uniforms and transportation. The court held that such funding was not a violation of the state constitution because the items of personal property purchased were wholly secular in nature. Id. at 803, 935 P.2d 1272.
Here, The Salvation Army's receipt of appropriated grants and exemption from paying unemployment insurance taxes confer appropriated funds and benefits; however the purpose is a secular drug treatment program. There is no distinction between one secular purpose and another under Malyon. Furthermore, the exemption allows for more efficient government administration and eliminates the need for the government, to review employment decisions based on religious grounds. Thus, under a state analysis, because the purpose is secular, her argument fails. Malyon, 131 Wash.2d at 799-800, 935 P.2d 1272.
Here, The Salvation Army's receipt of appropriated grants and exemption from paying unemployment insurance taxes confer appropriated funds and benefits; however the purpose is a secular drug treatment program. There is no distinction between one secular purpose and another under Malyon. Furthermore, the exemption allows for more efficient government administration and eliminates the need for the government to review employment decisions based on religious grounds. Thus, under a state analysis, because the purpose is secular, her argument fails. Malyon, 131 Wash.2d at 799-800, 935 P.2d 1272.
Here, The Salvation Army's receipt of appropriated grants and exemption from paying unemployment insurance taxes confer appropriated funds and benefits; however the purpose is a secular drug treatment program. There is no distinction between one secular purpose and another under Malyon. Furthermore, the exemption allows for more efficient government administration and eliminates the need for the government to review employment decisions based on religious grounds. Thus, under a state analysis, because the purpose is secular, her argument fails. Malyon, 131 Wash.2d at 799-800, 935 P.2d 1272.
C. Application of federal law. Last we reach our federal analysis. In Washington, the courts do not appear to have established a test similar to the federal test set forth in Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). The Lemon test as applied to the federal constitution provides: "First, the statute must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances or inhibits religion; finally, the statute must not foster an excessive government entanglement with religion." Id. at 612-13, 91 S.Ct. at 2111. Malyon requires application of the Lemon test to the federal claim. Malyon, 131 Wash.2d at 806-07, 935 P.2d 1272.
The Lemon test was applied in a strikingly similar federal case where the First Circuit held that The Salvation Army's exemption under a similar Rhode Island statute had the secular purpose of facilitating the administration *289 of the state unemployment benefits program and not to advance religion. Rojas v. Fitch, 127 F.3d 184, 187 (1st Cir.1997). In Rojas, The Salvation Army employed Mr. Rojas as a social worker. After he was terminated, he applied for unemployment insurance benefits from the Rhode Island Department of Employment Training. His application was denied because The Salvation Army was exempt from contributing to the unemployment fund under a Rhode Island statute similar to the Washington statute in question. The court only tested the constitutionality of the exemption under the federal constitution; still it found that the exemption was not an infringement on the Establishment Clause of the First Amendment. We conclude from a reading of Rojas there is no federal basis for Ms. Saucier's claims.
D. Attorney fees. Ms. Saucier has requested an award of attorney fees on appeal. RCW 50.32.160 allows fees on appeal if the decision of the department's commissioner is modified or reversed. Since this is not the case here, Ms. Saucier's request is denied.

CONCLUSION
Since the exemption contained in RCW 50.44.040 passes constitutional muster under the Washington State Constitution, a further federal constitutional analysis may seem unnecessary because the statute would clearly pass the less stringent federal test. However, Rojas, decided after the briefing cycle here was completed and supplied to us by the State as an additional authority under RAP 10.8, justifies the same conclusion as reached in our state analysis. Accordingly, the exemption does not violate either constitution.
Affirmed.
SCHULTHEIS, C.J., and KATO, J., concur.